**ORANSKY, SCARAGGI & BORG, P.C.**
Andrew D. Borg, Esq. (9384)
175 Fairfield Avenue, Suite 1A
West Caldwell, New Jersey 07007-0866
(973) 364-1200

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COMPOSITION ROOFERS LOCAL NO. 10 PENSION FUND; COMPOSITION ROOFERS LOCAL NO. 10 HEALTH FUND; COMPOSITION ROOFERS LOCAL NO. 10 VACATION FUND; COMPOSITION ROOFERS LOCAL NO. 10. APPRENTICE TRAINING FUND; COMPOSITION ROOFERS LOCAL NO. 10 NRIPP FUND; ROOFERS UNION LOCAL NO. 10 and Nick Strauss as Trustee and Administrator<br><br>*Plaintiffs*,<br><br>v.<br><br>J & L ROOFING, INC. and FURIA ROOFING, INC.<br><br>*Defendants*. | Civil Action No.:<br><br>**COMPLAINT** |

1.    This is a civil action brought by the following (collectively the "Plaintiffs"):

   A.    Composition Roofers Local No. 10 Pension Fund, Composition Roofers Local No. 10 Health Fund, Composition Roofers Local No. 10 Vacation Fund, Composition Roofers Local No. 10 Apprentice Training Fund, Composition Roofers Local No. 10 NRIPP Fund, Roofers Union Local 10 (the "Funds");

   B.    Nick Strauss, is a member of the Board of Trustees (the "Trustees") and a fiduciary of the Funds; and also the Business Manager of Roofers Local Union No. 10;

   C.    Roofers Local Union No. 10 is a labor organization (the "Union") for the purpose of enforcing the relevant provisions of its Collective Bargaining Agreement (the "CBA").

1

2. Plaintiffs complain of Defendants J & L Roofing, Inc. ("J & L") and Furia Roofing, Inc. ("Furia"), referred to collectively as the "Defendants" and allege as follows:

## NATURE OF ACTION

3. The Trustees bring this action, pursuant to the pertinent provisions of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"); 29 U.S.C. §§ 1001, *et seq.*, including but not limited to ERISA Sections 502(a)(3) and 515, 29 U.S.C. . §§ 1132(a)(3), 1145, to collect unpaid benefit fund contributions, plus interest, the greater of additional interest or liquidated damages in the form of twenty percent (20%) of the contributions due, audit fees, attorneys' fees and other collection costs from Defendants. Further, Plaintiffs seek to hold Defendants liable as a single employer, as alter egos of one another and to hold Furia Roofing Inc. liable as a successor to J & L. In addition, Plaintiffs seek to compel Defendants to submit to audit by the Funds.

4. In bringing this action, the Trustees are enforcing the Funds' Agreements and Declarations of Trust (the "Trust Agreements") that govern the Funds, as well as the collective bargaining agreements between J & L and Local Union 10.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to Sections 502(e)(1) and 502(f) of ERISA, 29 U.S.C. §§ 1132(e)(1), (f), and 28 U.S.C. §§ 1331 and 1337.

6. Venue properly lies in the District under provisions of Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Funds are administered within this District, a breach took place within this District and Defendants reside or may be found within this District.

## THE PARTIES

7. Plaintiffs are the Trustees of the Funds, and collectively are the "plan sponsor" within the meaning of ERISA Section 3(16)(B)(iii), 29 U.S.C. § 1002(16)(B)(iii). The Trustees are fiduciaries of the Funds, as defined by ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A).

8. The Funds are employee benefit plans within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(3), and are multi-employer plans within the meaning of ERISA Section 3(37),20 U.S.C. § 1002(37). They were established pursuant to the terms of various collective bargaining agreements between the Union, which is a labor organization representing employees in an industry affecting commerce, and various employers. The Funds provide pension, health and welfare, annuity, and job training benefits to covered employees, retirees, and their dependents and beneficiaries. The Funds are operated pursuant to the terms of the Trust Agreements.

9. The Funds and the Union maintain offices and are administered at 321 Mason Avenue, Haledon, Passaic County, New Jersey.

10. Upon information and belief Defendant J & L is a New Jersey corporation that maintains a principal place of business at 2 Monhegan Street, Clifton, Passaic County, New Jersey 07013.

11. Upon information and belief Defendant Furia Roofing Inc. is a New Jersey corporation that maintains a principal place of business at 2 Monhegan Street, Clifton, Passaic County, New Jersey 07013.

## THE COLLECTIVE BARGAINING AGREEMENTS

12. At all times relevant hereto J & L was a party to a series of collective bargaining agreements with the Union (the "CBAs").

13. Under the terms of the collective bargaining agreements, J & L was bound by all the terms and conditions of the Trust Agreements, and the Trust Agreements were made a part of each collective bargaining agreement and incorporated within each collective bargaining agreement.

3

## RELATIONSHIP BETWEEN J & L AND FURIA

14. Upon information and belief, at all times relevant to this action, J & L and Furia shared common ownership.

15. Upon information and belief, at all times relevant to this action, J & L and Furia shared common management.

16. Upon information and belief, at all times relevant to this action, J & L and Furia shared common operations.

17. Upon information and belief, at all times relevant to this action, J & L and Furia shared common supervision.

18. Upon information and belief, at all times relevant to this action, J & L and Furia shared common customers.

19. Upon information and belief, at all times relevant to this action, J & L and Furia shared common equipment.

20. Upon information and belief, at all times relevant to this action, J & L and Furia shared common vehicles.

21. Upon information and belief, at all times relevant to this action, J & L and Furia shared a common business purpose.

22. Upon information and belief, at all times relevant to this action, the employees of J & L and Furia shared similar working conditions.

23. Upon information and belief, at all times relevant to this action, the employees of J & L and Furia shared similar job classifications.

24. Upon information and belief, at all times relevant to this action, the employees of J & L and Furia shared similar skills and job functions.

25. Upon information and belief, at all times relevant to this action, the employees of J & L and Furia performed similar services for customers.

26. Upon information and belief, at all times relevant to this action, the employees of J & L and Furia interchanged between the two companies.

27. Upon information and belief, at all times relevant to this action, the employees of J & L and Furia worked out of the same locations.

28. Upon information and belief, at all times relevant to this action, Furia was used to avoid J & L's obligations under the collective bargaining agreement(s) with the Union.

**DUTY TO MAKE CONTRIBUTIONS AND SUBMIT TO AUDIT**

29. The collective bargaining agreements and the Trust Agreements require J & L to make contributions to the Funds in specified amounts for hours worked and/or paid in employment covered by the collective bargaining agreements ("covered employment").

30. The collective bargaining agreements and the Trust Agreements require Furia to make contributions to the Funds in specified amounts for covered employment.

31. The collective bargaining agreements and the Trust Agreements require J & L to submit detailed written reports of hours worked and/or paid in covered employment ("remittance reports") each month.

32. The collective bargaining agreements and the Trust Agreements require Furia to submit remittance reports each month.

33. J & L submitted monthly remittance reports to the Funds during the period from 2005 through February, 2016.

34. The remittance reports submitted by J & L did not include hours worked by employees in covered employment that appeared on the payroll of Furia.

35. Furia has not submitted remittance reports to the Funds.

36. The Trust Agreements and Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), authorize the Trustees to bring actions to enforce an employer's obligations to the Funds based upon its collective bargaining agreements with the Union or other pertinent writings. The collective bargaining agreements and the Trust Agreements, with the sanction of Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), require payment of unpaid contributions.

37. The collective bargaining agreements and the Trust Agreements, with the sanction of Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), require payment of interest on unpaid contributions at the rate of ten percent (10%) per annum.

38. The collective bargaining agreements and the Trust Agreements, with the sanction of Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), require payment of the greater of an amount equal to the interest on unpaid contributions or liquidated damages in an amount equal to twenty percent (20%) of the unpaid contributions.

39. The collective bargaining agreements and the Trust Agreements, with the sanction of Section 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(g)(2), require payment of audit fees, reasonable attorneys' fees, costs and such other and further equitable relief as the Court deems appropriate.

40. The Trust Agreements and ERISA obligate the Trustees to locate any assets that are due the Funds and require J & L and Furia to submit to audit and re-audit by the Funds.

41. If Defendants refuse to provide the Trustees' auditors with the pertinent books and records, it will be in violation of Section 209(a) of ERISA, 29 U.S.C. § 1059(a), which requires an employer to "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." In addition, under Section 107 of ERISA, 29 U.S.C. § 1027, "records [must be] available for an examination period of not less than six years."

42. In any action by the Trustees seeking the production of books and records by employers for audit purposes, the Funds are entitled to reasonable attorneys' fees and costs.

### FIRST CAUSE OF ACTION

43. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 42, as if the same were fully set forth herein.

44. Upon information and belief, J & L underreported and underpaid contributions owed to the Funds.

45. Such underreporting and underpayment is a breach of the collective bargaining agreement(s) and the Trust Agreements, and places J & L in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

46. J & L's actions have injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs to the Funds.

47. Accordingly, because of the above-described actions, J & L is liable for the unpaid contributions owed to the Funds; interest at the rate of ten percent (10%) per annum from the date contributions became due; the greater of a second charge of interest as computed above or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; and costs and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

48. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 47, as if the same were fully set forth herein.

49. Upon information and belief, Furia underreported and underpaid contributions owed to the Funds.

50. Such underreporting and underpayment is a breach of the collective bargaining agreement(s) and the Trust Agreements, and places Furia in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

51. Furia's actions have injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs to the Funds.

52. Accordingly, because of the above-described actions, Furia is liable for the unpaid contributions owed to the Funds; interest at the rate of ten percent (10%) per annum from the date contributions became due; the greater of a second charge of interest as computed above or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; and costs and reasonable attorneys' fees.

## THIRD CAUSE OF ACTION

53. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 52, as if the same were fully set forth herein.

54. Upon information and belief, at all times relevant to this action, Furia was an alter ego of J & L.

55. Furia is jointly and severally liable with J & L for all sums owed to the Trustees by J & L, including all unpaid contributions, interest, additional interest or liquidated damages, costs and attorneys' fees.

56. In addition, J & L and Furia are jointly and severally liable for benefit contributions owed to Plaintiffs for each hour paid to and/or worked by employees of Furia for work performed in employment covered by the collective bargaining agreement(s) between the Union and J & L plus interest at the rate of ten percent (10%) per annum from the date contributions became due; the greater of a second charge of interest as computed above or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; and costs and reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION

57. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 56, as if the same were fully set forth herein.

58. Upon information and belief, at all times relevant to this action, Furia was a single employer with J & L.

59. Furia is jointly and severally liable with J & L for all sums owed to the Trustees by J & L, including all unpaid contributions, interest, additional interest or liquidated damages, costs and attorneys' fees.

60. In addition, J & L and Furia are jointly and severally liable for benefit contributions owed to Plaintiffs for each hour paid to and/or worked by employees of Furia for work performed in employment covered by the collective bargaining agreement(s) between the Union and J & L, plus interest at the rate of ten percent (10%) per annum from the date contributions became due; the greater of a second charge of interest as computed above or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; and costs and reasonable attorneys' fees.

## FIFTH CAUSE OF ACTION

61. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 60, as if the same were fully set forth herein.

62. J & L and Furia shared common ownership at all material times.

63. At and soon after the time Furia commenced operations, assets used by J & L were transferred to it.

64. At and soon after the time Furia commenced operations, substantially all its assets had been assets used by J & L prior to the commencement of operations by Furia.

65. At and soon after the time Furia commenced operations, the roofing businesses it operated had been operated by J & L prior to the commencement of operations by Furia.

66. At and soon after the time Furia commenced operations, it operated vehicles which had been operated by J & L prior to the commencement of operations by Furia.

67. At and soon after the time Furia commenced operations, it used equipment which had been used by J & L prior to the commencement of operations by Furia.

68. At and immediately after the time Furia commenced operations, substantially all its employees that can be classified as covered employees under the collective bargaining agreement(s) had worked as covered employees for J & L prior to the commencement of operations by Furia.

69. At and immediately after the time Furia commenced operations, its employees were supervised by people who had supervised them when they worked for J & L.

70. At and immediately after the time Furia commenced operations, it engaged in the same type of work that J & L had engaged in prior to the commencement of operations by Furia.

71. At and immediately after the time Furia commenced operations, it performed work for customers who had been customers of J & L prior to the commencement of operations by Furia.

72. At and immediately after the time Furia commenced operations, it provided services for the purpose of fulfilling various contractual obligations of J & L.

73. Furia had notice of the delinquent contributions owed by J & L because the same individuals owned and operated both companies at all material times.

74. Furia is an alter ego of J & L. As such, Furia is liable for the delinquent benefit fund contributions owed by J & L to the Funds, plus interest at the rate of ten percent (10%) per annum from the date contributions became due; the greater of a second charge of interest as computed above or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; and costs and reasonable attorneys' fees.

## SIXTH CAUSE OF ACTION

75. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 74, as if the same were fully set forth herein.

76. J & L has and has had for all time periods material to this Complaint a financial interest in Furia.

77. Furia engages and has engaged for all time periods material to this Complaint the same types of roofing work as also performed by J & L and as such work is defined in the Union's CBA.

78. Thus, Furia is bound by the terms of the collective bargaining agreements J & L signed with the Union.

79. Accordingly, Furia and J & L are jointly and severally liable to pay benefit contributions to the Funds for each hour paid to and/or worked by employees of Furia for work performed in employment covered by the collective bargaining agreement(s) between the Union and J & L, plus

interest at the rate of ten percent (10%) per annum from the date contributions became due; the greater of a second charge of interest as computed above or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; and costs and reasonable attorneys' fees.

## SEVENTH CAUSE OF ACTION

80. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 80 as if the same were fully set forth herein.

81. J & L sublet all or part of contracts to Furia for all time periods material to this Complaint.

82. Thus, Furia is bound to the collective bargaining agreements to the extent it performs work as a Subcontractor of J & L.

83. Accordingly, J & L and Furia are jointly and severally liable to pay benefit contributions to the Funds owed for each hour paid to and/or worked by employees of Furia for work J & L sublet to Furia, plus interest at the rate of ten percent (10%) per annum from the date contributions became due; the greater of a second charge of interest as computed above or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; and costs and reasonable attorneys' fees.

## EIGHTH CAUSE OF ACTION

84. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 83, as if the same were fully set forth herein.

85. The Trust Agreements and ERISA require J & L and Furia to produce their books and records for audit by the Trustees.

86. J & L and Furia have failed and refused to produce their books and records for audit by the Funds.

87. Because of Defendants' refusal to produce their books and records, the Funds are entitled to an Order from the Court compelling J & L and Furia to submit their books and records to the Funds for all time periods material to this Complaint plus an award of attorneys' fees, audit fees, and all costs and disbursements.

### NINTH CAUSE OF ACTION

88. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 87 as if the same were fully set forth herein.

89. To the extent that any Defendant claims that it has not maintained pertinent books and records for any portion of the periods sought to be audited, it has violated the terms of the collective bargaining agreements and the Trust Agreements.

90. To the extent that any Defendant claims that it has not maintained pertinent books and records for any portion of the periods sought to be audited, it has also violated Section 209(a) of ERISA, 29 U.S.C. § 1059(a), which requires an employer to "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." In addition, under Section 107 of ERISA, 29 U.S.C. § 1027, "records [must be] available for examination for a period of not less than six years."

91. To the extent that any Defendant claims that it has not maintained pertinent books and records for any portion of the periods sought to be audited, it has also violated Section 515 of ERISA, 29 U.S.C. § 1145, which requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement . . . [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

92. The Trust Agreements and ERISA empower the Trustees to take whatever action may be proper and necessary in their discretion to enforce an employer's obligations to the Funds and to protect the financial integrity of the Funds.

93. Thus, to the extent that evidence exists enabling the Trustees to approximate contributions owed by an employer that has failed to maintain pertinent books and records, the Trustees may utilize such evidence to estimate contributions owed to the Funds.

94. To the extent that evidence exists enabling Plaintiffs to approximate contributions owed by an employer that has failed to submit pertinent books and records, that employer must accept Plaintiffs' reasonable estimate of contributions owed.

95. Therefore, Plaintiffs are entitled, under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), to the estimated amount of unpaid contributions, plus interest at the rate of ten percent (10%) per annum from the date contributions became due; the greater of a second charge of interest as computed above or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; costs and reasonable attorneys' fees, and such other legal or equitable relief as the Court deems appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against the Defendants, as follows:

1. <u>On the First Cause of Action</u>

An Order directing J & L to pay Plaintiffs: (a) the amount in unpaid contributions found to be due and owing for the period from January 1, 2014through the present; (b) interest on the unpaid contributions at the rate of ten percent (10%) per annum from the date each payment was due until the date judgment is entered; (c) the greater of additional interest or liquidated damages equal to twenty percent (20%) of the unpaid contributions; (d) an award of all costs and disbursements, including, but not limited to, audit fees and

reasonable attorneys' fees incurred in this action; and (e) such other and further equitable relief as the Court deems just and proper.

2.     On the Second Cause of Action

An Order directing Furia to pay Plaintiffs: (a) the amount in unpaid contributions found to be due and owing for the period from January 1, 2014through the present; (b) interest on the unpaid contributions at the rate of ten percent (10%) per annum from the date each payment was due until the date judgment is entered; (c) the greater of additional interest or liquidated damages equal to twenty percent (20%) of the unpaid contributions; (d) an award of all costs and disbursements, including, but not limited to, audit fees and reasonable attorneys' fees incurred in this action; and (e) such other and further equitable relief as the Court deems just and proper.

3.     On the Third Cause of Action

An Order directing J & L and Furia to pay Plaintiffs: (a) the amount in unpaid contributions found to be due and owing for the period from January 1, 2014through the present; (b) interest on the unpaid contributions at the rate of ten percent (10%) per annum from the date each payment was due until the date judgment is entered; (c) the greater of additional interest or liquidated damages equal to twenty percent (20%) of the unpaid contributions; (d) an award of all costs and disbursements, including, but not limited to, audit fees and reasonable attorneys' fees incurred in this action; and (e) such other and further equitable relief as the Court deems just and proper.

4.     On the Fourth Cause of Action

An Order directing J & L and Furia to pay Plaintiffs: (a) the amount in unpaid contributions found to be due and owing for the period from January 1, 2014through the present; (b) interest on the unpaid contributions at the rate of ten percent (10%) per annum from the date each payment was due until the date judgment is entered; (c) the

greater of additional interest or liquidated damages equal to twenty percent (20%) of the unpaid contributions; (d) an award of all costs and disbursements, including, but not limited to, audit fees and reasonable attorneys' fees incurred in this action; and (e) such other and further equitable relief as the Court deems just and proper.

5.  On the Fifth Cause of Action

An Order directing Furia to pay Plaintiffs: (a) the amount in unpaid contributions that J & L owes for the period from January 1, 2014through the present; (b) interest on the unpaid contributions at the rate of ten percent (10%) per annum from the date each payment was due until the date judgment is entered; (c) the greater of additional interest or liquidated damages equal to twenty percent (20%) of the unpaid contributions; (d) an award of all costs and disbursements, including, but not limited to, audit fees and reasonable attorneys' fees incurred in this action; and (e) such other and further equitable relief as the Court deems just and proper.

6.  On the Sixth Cause of Action

An Order directing J & L and Furia to pay Plaintiffs: (a) the amount in unpaid contributions found to be due and owing for the period from January 1, 2014through the present; (b) interest on the unpaid contributions at the rate of ten percent (10%) per annum from the date each payment was due until the date judgment is entered; (c) the greater of additional interest or liquidated damages equal to twenty percent (20%) of the unpaid contributions; (d) an award of all costs and disbursements, including, but not limited to, audit fees and reasonable attorneys' fees incurred in this action; and (e) such other and further equitable relief as the Court deems just and proper.

7.  On the Seventh Cause of Action

An Order directing J & L and Furia to pay Plaintiffs: (a) the amount in unpaid contributions found to be due and owing for work J & L sublet to Furia for the period from January 1, 2014through the present; (b) interest on the unpaid contributions at the rate of ten percent (10%) per annum from the date each payment was due until the date judgment is entered; (c) the greater of additional interest or liquidated damages equal to twenty percent (20%) of the unpaid contributions; (d) an award of all costs and disbursements, including, but not limited to, audit fees and reasonable attorneys' fees incurred in this action; and (e) such other and further equitable relief as the Court deems just and proper.

8.  On the Eighth Cause of Action

An Order directing Defendants to present their pertinent books and records for the period from January 1, 2014through the present within thirty (30) days of Judgment to the Trustees' auditors for examination; plus, pay all costs and disbursements of this suit, including, but not limited to, audit fees and reasonable attorneys' fees; and such other and further equitable relief as this Court deems appropriate.

9.  On the Ninth Cause of Action

In the event that any Defendant claims it has not maintained pertinent books and records for any portion of the period sought to be audited, an Order directing entry of judgment against it in the following amounts:

(a) To the extent that any Defendant claims it has not maintained pertinent books and records for any portion of the period sought to be audited, an Order directing entry of judgment against Defendants for unpaid contributions as estimated by Plaintiffs' use of available evidence;

(b) interest on the unpaid contributions at the rate of ten percent (10%) per annum from the date each payment was due until the date judgment is entered;

(c) the greater of additional interest or liquidated damages equal to twenty percent (20%) of the unpaid contributions;

(d) an award of all costs and disbursements, including, but not limited to, audit fees and reasonable attorneys' fees, incurred in this action; and

(e) such other and further equitable relief as this Court deems appropriate.

                **ORANSKY, SCARAGGI & BORG, P.C.**
                *Attorneys for Plaintiffs*

By: _____
      ANDREW D. BORG, ESQ. (9384)

Dated: March 1, 2019